Williams, J.
In May, 1895, the plaintiffs in error, Hessler, Walworth, and Watterson, together with P. W. Prentiss and J. W. Morris,* executed and acknow-' ledged, in due form, and filed in the office of the *622 secretary of state, articles for the incorporation of the Morris Crusher and. Pulverizer Company. The articles stated that the corporation was “formed for the purpose of making, buying, using and selling rock breakers, ore crushers, pulverizers, engines and other mining and milling machinery, and all supplies and appliances adapted for use in connection therewith. Also to build mills and manufacturing plants and equip them with such engines, machinery, supplies and appliances, and to own and operate such mills and plants on its own account, or to sell the same to others at its option. And, the capital stock of the corporation shall be one hundred thousand ($100,-000.00) dollars, divided into one thousand (1,000) shares of one hundred dollars ($100.00) each.”
Books for subscription to the stock of the corporation were soon after opened, and Morris subscribed for all the stock except six shares, one of which was taken by each of the other incorporators, and one by each of two other persons. The incorporators then, in June, 1895, certified in writing to the secretary of state, that all of the capital stock of the corporation had been subscribed; and the subscribers thereupon proceeded to, and did, elect a board of directors. for the corporation, and organized it for business. Thereafter, the corporation, through the officers so chosen, purchased of the defendant in error, the Cleveland Punch and Shear Works Company, certain machinery to be used in the business of the corporation, amounting to something over $3,900.00, and paid thereon $1,400.00; and contracted other indebtedness. The amount paid on the machinery had been borrowed for that purpose, and no other payment has been made thereon. At the time the incorporators certified to the secretary of state that the capital stock of the corporation had all been subscribed, nothing whatever had been paid on the stock, and nothing has been paid since; and when the indebtedness for the machinery purchased, and to the other creditors, was *623 incurred, the corporation was insolvent, and has since so continued; and Morris and Prentiss also were and still are insolvent.
The defendant in error, the Punch and Shear Works Company, brought the action below in behalf of the creditors, against the plaintiffs in error and all other incorporators and stockholders, to subject to the payment of the debts of the corporation, the unpaid subscriptions to its stock, and the statutory liability of the stockholders, and to hold the incorporators for the deficiency. On the trial the court found the facts, substantially as above stated, and “that plaintiff, when its said claim was contracted, had no actual knowledge of the contents of said articles of incorporation, ' or of said certificate to the secretary of state concerning the subscription to said capital stock.” The court also found that after apportioning to the plaintiff’s claim its share of all the solvent stockholders’ liability, and of their unpaid subscriptions to the stock, there still remained due to the plaintiff on its claim, a balance of $2,033.11; and, as shown by the record, “it further appearing that if said ten per cent, of the authorized capital of the defendant company had been paid in at the time the said incorporators certified to the secretary of state that all of said capital stock had been subscribed, there would have been sufficient money to pay plaintiff’s claim in full, the court held as a conclusion of law, “that plaintiff has been injuriously affected, by the deficiency in the actual payment of said ten per cent, to the amount of said balance of its said claim, to-wit: $2,033.11, and that the defendant incorporators, other than the said Morris, should jointly contribute said sum, in addition to the foregoing stock liability,” and rendered judgment for that balance, against the incorporators, and ordered that an attorney’s fee of $250.00 be paid to the plaintiff’s counsel out of the fund.
*624 The plaintiffs in error make no complaint against the judgment of the court in directing the application of the unpaid subscriptions, and statutory liability of the solvent stockholders, to the claims of the creditors, nor against the finding of the balance remaining due to the Punch and Shear Company. Their complaint is against the judgment holding them responsible as incorporators, for that balance, and to other creditors, and to the allowance of an attorney’s fee.
One objection made to the judgments below involves the construction of section 3244, of the Revised Statutes, which provides that, when ten per cent, of the capital stock of a corporation is subscribed, “the subscribers of the articles of incorporation, or a majority of them, shall so certify in writing to the secretary of state, and thereupon shall give notice to the stockholders as provided in section 3242, to meet at such time and place as they may designate, for the purpose of choosing not less than five and not more than fifteen directors, who shall continue in office until the time fixed for the annual election, and until their successors are chosen and qualified;” and that, “the incorporators of the company shall be liable to any person affected thereby to the amount of any deficiency in the actual payment of said ten per cent, at the time of so certifying.”
The question presented in argument is whether the amount for which, the incorporators are liable under this section, is the deficiency in the acutal payment of ten per cent, of the authorized capital stock of the corporation at the time they certify as therein provided to the secretary of state, or only one-tenth of that amount; it being the contention of the plaintiffs in error, that the liability is limited to the latter amount. And, if that is so, the judgment against them was excessive, otherwise it was not. It is argued in support of the construction contended for, that since an elec *625 tion of directors is authorized when it is certified that ten. per cent, of the capital stock has been subscribed, and, by section 3243, but one installment of ten per cent, on each share subscribed is payable at the time of the subscription, the liability of the incorporators extends no further than for any deficiency in the actual payment of ten per cent, of ten per cent, of the capital stock, or one per cent, on the whole capital stock. It must be conceded that this construction is at variance with the language of the section. The phrase “said ten per cent,” in the last clause, by which the liability of the incorporators is defined, undoubtedly refers to the “ten per cent.” mentioned in the first clause, which is “ten per cent, of the capital stock” of the corporation. Obviously, it could refer to nothing else, for nowhere else in the section is ten per cent, mentioned. And we find nothing in the section that warrants a construction different from this plain import of its language. Nor, does a consideration of the section as it formerly stood lead to a different result. Before it was enacted into its present form, May 18, 1894 (91 O. L., 304), it authorized an election of directors, when five incorporators certified to the secretary of state that fifty per cent, of the capital stock was subscribed “and ten per cent, of the capital stock paid,” and contained the same provision as now, that the “incorporators of the company should be liable to any person affected thereby, to the amount of any deficiency in the actual payment of said ten per cent., at the time of so certifying.” It is manifest that “said ten per cent.” in this clause of the section in its then form, meant ten per cent, of the entire capital stock of the corporation, and that the incorporators were liable for any deficiency in the actual payment of that amount. While, by the amendment of 1894, the amount of stock necessary to be subscribed previous to the election of directors was re *626 duced to ten per cent., and the requirement that any amount should be paid was omitted, the provision fixing the liability of the incorporators to the amount of any deficiency in the actual payment of the ten per cent, of the authorized capital stock of the corporation was left unchanged, and its effect remains the same.
A further objection made to the judgment is, that upon the facts of the case the plaintiff below was not entitled to enforce the liability of the incorporators. It is claimed that no right to that remedy is shown, because the plaintiff had no knowledge of the certificate filed with the secretary of state, and did not extend credit upon the faith of it, to the corporation; and, therefore, was not a party affected, within the meaning of section 3244. Whatever obscurity there is in the meaning of the last clause of the section, with respect to those who, as persons “affected thereby” may have recourse to the liability of the incorporators, arises from the introduction, by way of amendment, between that clause and the first one, of the proviso, authorizing waiver of notice of the meeting for the election of directors.. By the introduction of the amendment in the place it now occupies, the immediate connection theretofore existing bétween the two clauses, was broken; but they were not otherwise affected so as to render necessary a different construction of either. Looking to both in their proper connection, and to their purpose, it seems reasonably clear that those who become creditors of the corporation, are the persons affected by the deficiency in the payment of the required amount of the capital stock, and who may, therefore, when necessary, resort to the liability of the incorporators for such deficiency. The power of the general assembly, under section 3, of article 13, of- the constitution, to provide means for securing the creditors of corporations, is not exhausted by the imposition of a personal liability on *627 each stockholder, over and above the stock owned by him, and any amount unpaid thereon, to a further sum equal to the amount of his stock. Express authority is conferred to provide other means of security. And, it was the purpose of the statute under consideration to provide additional security for the creditors of corporations, by holding the incorporators responsible for the forthcoming of what the legislature deemed it proper to regard a substantial fund as a basis on which the corporation might be permitted to commence business. In effect, the incorporators are made guarantors, of the corporation to that amount. Some provision of this nature seems necessary to insure good faith in the formation of corporations, and for the protection of those who deal with them. The liability of the incorporators, like that of the stockholders, is a security for all the creditors. All are presumed to deal with the corporation in reliance upon the securities which the law has required; and, therefore, knowledge by a creditor of the filing of the certificate with the secretary of state, or of its contents, is not necessary in order to entitle him to the benefit of the security. Suit to enforce this liability of incorporators should be prosecuted for the benefit of all the creditors, as in cases against the stockholders; and we see no reason why liabilities of both classes may not be enforced in the same action, as was done in this case, so that all the securities for the same debts may be properly marshalled, and distribution made on principles of equity.
And in such a case, upon the grounds stated in Mason v. Alexander, 44 Ohio St., 318-337, the court may, in its discretion, allow reasonable attorney’s fees to the plaintiff’s counsel, and order them paid out of the fund.

Judgment affirmed.